**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIO BERNARDINO, Jr., | No. 24-2536 |
| Plaintiff - Appellant, | D.C. No. 5:21-cv-01629-EJD |
| v. | MEMORANDUM* |
| Secretary of CDCR RALPH DIAZ; Warden TAMMY FOSS; THOMAS (Captain); RANGEL, SVSP Correctional Officer, Captain; SANDOVAL, SVSP Correctional Officer; MORIN, SVSP Correctional Officer; THORPE, SVSP Correctional Officer; FREEMAN, SVSP Correctional Officer; VALLES, SVSP Correctional Officer; VILLANUEVA, SVSP Correctional Officer; CHAPIN, SVSP Correctional Officer; MONTE GRANDE, M.D.; EDUARDO DOMINGUES, M.D., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 17, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

California state prisoner Claudio Bernardino, Jr., appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Bernardino's federal claims because Bernardino failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (noting that proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Bernardino's state law claims. *See Dyack v. N. Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that the district court may decline to exercise supplemental

jurisdiction over state law claims where the district court "has dismissed all claims over which it has original jurisdiction" (citing 28 U.S.C. § 1367(c)(3)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 29) to maintain under seal the reply brief and motion to seal is granted. The clerk will maintain Docket Entry Nos. 27 and 29 under seal. All other pending motions and requests are denied.

**AFFIRMED.**